UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS GIBBONS, et al., | Case No. 2:14-CV-586 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., | |
| Defendant(s). | |

Presently before the court is a motion to reconsider filed by plaintiffs Dennis Gibbons and Julie Pelekanos (hereinafter "plaintiffs"). (Doc. # 63). Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania (hereinafter "National Union") filed a response, (doc. # 69), defendant Bank of America ("BofA") filed a response, (doc. # 70), and plaintiffs filed a reply, (doc. # 71).

**I.    Background**

This action arises from defendants' marketing and sale of "blanket disability" insurance policies to BofA customers. (Doc. # 45). BofA sent correspondence to customers promoting the policies. BofA also provided National Union with these customers' personal information, so that National Union could contact customers regarding the policies. (Doc. # 45).

Potential insureds were told that they were being offered the policies because they were BofA customers, and that BofA would pay their premiums for an initial period. (Doc. # 45). After the "free" initial time period, the premiums for the policy would be deducted from the insureds' bank accounts or charged to the insureds' credit card accounts. (Doc. # 45).

**James C. Mahan**
**U.S. District Judge**

1    Through mail marketing and telemarketing, defendants described the instant insurance policies as "blanket disability coverage." (Doc. # 45). Plaintiff Dennis Gibbons ("Gibbons") received written materials at his home promising "accident insurance coverage" in the event he became totally disabled due to an accident. (Doc. # 45).

Based on the representations in the written materials, Gibbons enrolled in the coverage plan. (Doc. # 45). Gibbons subsequently received two notices of coverage and two "description of coverage" documents, all describing the terms of his policy. (Doc. # 45).

Similarly, plaintiff Julie Pelekanos ("Pelekanos") purchased the insurance coverage at issue based on defendants' representations. (Doc. # 45). Pelekanos spoke with a telemarketer who explained that the policy would provide benefits if Pelekanos suffered an accident which "changed her life in some way." (Doc. # 45).

The telemarketer stated that the policy did not require total disability to afford benefits. (Doc. # 45). Pelekanos also received written materials by mail, which contributed to her understanding of the policy's scope of coverage. (Doc. # 45). After enrolling in the policy, Pelekanos received a notice of coverage. (Doc. # 45).

Plaintiffs eventually became totally disabled due to accidents and filed claims for disability benefits with National Union. (Doc. # 45). National Union denied plaintiffs' claims on the basis that their accidents did not result in dismemberment, paralysis, or blindness. (Doc. # 45).

At this time, plaintiffs discovered that these injuries were all that their policies covered. (Doc. # 45). Plaintiffs allege that defendants failed to truthfully disclose the nature of the insurance policies at issue. (Doc. # 45). National Union never sent the full policy documents to plaintiffs. (Doc. # 45).

On April 17, 2014, plaintiffs filed a complaint in this court alleging breach of contract and breach of the covenant of good faith and fair dealing against National Union, and fraud/intentional misrepresentation and conspiracy to defraud against National Union and BofA. (Doc. # 1).

On September 18, 2014, plaintiffs filed a motion to amend their complaint. (Doc. # 35). On October 16, 2014, the court granted the motion. (Doc. # 44). On October 20, 2014, plaintiffs filed an amended complaint asserting the same causes of action. (Doc. # 45). On November 6,

**James C. Mahan**
**U.S. District Judge**

- 2 -

2014, BofA filed a motion to dismiss. (Doc. # 50). On November 17, 2014, National Union filed a motion to dismiss. (Doc. # 51).

On February 25, 2015, the court granted both motions to dismiss and instructed the clerk to close the case. (Doc. # 59). On March 25, 2015, plaintiffs filed the instant motion to reconsider. (Doc. # 63). On the same date, plaintiffs filed a notice of appeal. (Doc. # 65).

**II.    Legal Standard**

*a. Motion to reconsider*

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

"Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (citing *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)).

Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i), if a party files a notice of appeal after entry of judgment but before the court rules on a motion to reconsider, the notice becomes effective when the court rules on the motion. Fed. R. App. P. 4(a)(4)(B)(i); *see also* Fed. R. App. P. 4(a)(4)(A).

*b. Leave to amend*

Federal Rule of Civil Procedure 15(a)(1)(A) allows a party to amend its pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). If the pleading is

**James C. Mahan
U.S. District Judge**

- 3 -

1  one to which a responsive pleading is required, the party may also amend within 21 days after
2  service of a responsive pleading or 21 days after service of a motion under Federal Rule of Civil
3  Procedure 12(b), (e), or (f), whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B).

4  Otherwise, a party may amend only with the opposing party's written consent or the court's
5  leave.  Fed. R. Civ. P. 15(a)(2).  Leave to amend "shall be freely given when justice so requires."
6  *Id.*  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory
7  motive on the part of the movant, repeated failure to cure deficiencies by amendments previously
8  allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility
9  of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  *Foman v.*
10 *Davis*, 371 U.S. 178, 182 (1962).  The local rules of federal practice in the District of Nevada
11 require that a party submit a proposed, amended pleading along with a motion to amend. D. Nev.
12 R. 15-1(a).

13 **III.   Discussion**

14 *i.   Motion to reconsider*

15 Plaintiffs contend that reconsideration is appropriate in light of newly discovered evidence.
16 Specifically, plaintiffs state that Gibbons's deposition testimony reveals that he did not receive
17 any policy documents after his enrollment, obtaining them only after he was injured four years
18 later.  Plaintiffs also argue that Pelekanos's receipt of coverage documents remains in dispute.
19 (Doc. # 63).

20 Defendants respond that there is no new evidence in this case to warrant reconsideration.
21 First, defendants note that plaintiffs mischaracterize Gibbons's deposition testimony.  Defendants
22 state that Gibbons "actually testified that he did not 'recall' or 'remember' receiving the specific
23 'Description of Coverage' shown to him in his deposition." (Doc. # 68).  Additionally, defendants
24 argue that this contradicts plaintiffs' complaint, which alleges that both plaintiffs received
25 descriptions of coverage after enrollment.  Defendants also cite additional portions of Gibbons's
26 deposition testimony, in which he acknowledges receiving and reading portions of a mailer
27 describing the coverage at issue.  (Docs. # 68, 70).  Testimony of a witness that he does not
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

remember whether an event occurred does not contradict positive testimony that such event took place. McClellan v. David, 84 Nev. 283, 439 P.2d 673 (1968).

To warrant reconsideration on the grounds of newly discovered evidence, plaintiffs must "show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa Cty.*, 336 F.3d 1013, 1022 (9th Cir. 2003).

Plaintiffs fail to provide new evidence warranting reconsideration in this case, and fail on all three of the prongs above. In evaluating a motion to dismiss, the court must accept all well-pled factual allegations as true to determine whether plaintiffs state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

The court dismissed plaintiffs' breach of contract claim on the grounds that they failed to state a plausible claim for relief. In conjunction with plaintiffs' complaint, the court properly considered the relevant descriptions of coverage. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned."). National Union attached these documents to its motion to dismiss, along with an affidavit that plaintiffs produced these documents as part of their Rule 26 disclosures. (Doc. # 52).

Gibbons cannot obtain reconsideration of the court's order by simply contradicting his own allegations after the court has ruled on the motions to dismiss. Allegations that Gibbons did not receive any policy documents could have been presented to the court before judgment, and therefore do not constitute newly discovered evidence.

Even considering Gibbons's deposition testimony as new evidence, it does not provide grounds for reconsideration. Gibbons's testimony is contradictory. While Gibbons states that he does not remember whether he received documents after enrolling in policy coverage, he acknowledges signing and returning the enrollment page which included the relevant definition of coverage on the back side. Gibbons therefore fails to provide evidence that would have likely led to a different outcome on the motions to dismiss. Accordingly, reconsideration is improper.

James C. Mahan
U.S. District Judge

- 5 -

Pelekanos also does not provide grounds for reconsideration of the court's dismissal of her claims. She does not allege new evidence, instead attempting to revisit arguments previously asserted in response to defendants' motions to dismiss. To the extent that Pelekanos contends that the court committed clear error in granting dismissal of her claims, this argument fails.

While Pelekanos suggests that factual issues precluded dismissal, she alleged in her complaint that she received a notice of coverage by mail after enrollment in the policy coverage at issue. In the instant motion, Pelekanos falls far short of showing that the court's decision was manifestly unjust such that reconsideration is warranted. Accordingly, plaintiffs' motion to reconsider will be denied.

### ii.  Leave to amend

Plaintiffs alternatively request that the court grant them leave to amend their complaint to add causes of action for unfair business practices under Nevada and Connecticut law.[1] They note that the court did not specify in its order granting dismissal whether plaintiffs would be afforded leave to amend their complaint. The request for leave to amend will be denied.

Pursuant to District of Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket for each purpose. *See Stacey v. Mercury Cas. Co.*, No. 2:14-cv-814-JCM-GWF, 2014 WL 3816513, at *1 (D. Nev. Aug. 4, 2014). The instant request for leave fails to comply with this special order.

Moreover, plaintiffs do not attach a proposed amended complaint to their motion as required by District of Nevada Local Rule 15-1(a). The fact that plaintiffs seek leave to amend in their motion to reconsider does not excuse them from compliance with this local rule. Finally, the court finds that this request for leave to amend is not timely and would prejudice defendants.

Plaintiffs originally filed their complaint on April 17, 2014. (Doc. # 1). On September 18, 2014, plaintiffs filed their first motion to amend the complaint. (Doc. # 35). The court granted the motion, and plaintiffs filed their amended complaint on October 20, 2014. (Doc. # 45). The

---

[1] Plaintiffs state in their amended complaint, and note in their motion, that Gibbons is a resident of Nevada and Pelekanos is a Connecticut resident. (Docs. # 45, 63). Accordingly, Gibbons requests leave to bring a claim under Nevada law, and Pelekanos seeks to bring a claim under Connecticut law. (Doc. # 63).

**James C. Mahan**
**U.S. District Judge**

- 6 -

parties then fully briefed each defendant's motion to dismiss, and the court granted the motions on February 25, 2015.  (Doc. # 59).  Plaintiffs failed to seek leave to amend at any point before the court ruled on the motions to dismiss, and the court finds that this constitutes undue delay.

Further, the instant case is now closed, and plaintiffs have appealed to the Ninth Circuit. (Docs. # 60, 65).  Once a party files a notice of appeal, the district court is normally divested of jurisdiction over aspects of the case involved in the appeal.  *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).  Plaintiffs have sought appellate review of the court's ruling on defendants' motions to dismiss.

As a result, the court finds that it would be improper to grant leave to amend at this time. In light of the foregoing, the court will not address the merits of plaintiffs' proposed additional claims to determine whether leave to amend would be futile.  Plaintiffs will not be afforded leave to amend their complaint.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to reconsider, (doc. # 63), be, and the same hereby is, DENIED.

DATED May 15, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -